UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BERNARD WATKINS,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>DONALD MINOR, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. C13-46-MJP-BAT<br><br>**REPORT AND RECOMMENDATION** |

*Pro se* plaintiff Bernard Watkins, detained at King County Correctional Facility for a trial that occurred in December 2012, applies to proceed *in forma pauperis* with a proposed 42 U.S.C. § 1983 civil-rights complaint.  Dkts. 1, 1-2.  Mr. Watkins alleges that his constitutional rights to due process, equal protection and a fair trial were violated by his appointed criminal defense counsel, Donald Minor, and supervising attorney Mary Jane Ferguson of the Office of the Public Defender, because Mr. Minor suffers from physical and mental disorders that rendered his representation ineffective, and Ms. Ferguson knew or should have known that Mr. Minor could not effectively serve as counsel.[1]  Dkt. 1-2 at 3.  Mr. Watkins seeks $750,000 in monetary damages from each defendant.  *Id.* at 4.  The Court recommends **DISMISSING** this matter with prejudice and without leave to amend for failure to state a claim because public defenders do not

---

[1] Mr. Watkins also lists unnamed Jane and John Doe defendants but does not specify what wrongful conduct these unnamed defendants took.  Dkt. 1-2 at 3.

REPORT AND RECOMMENDATION - 1

act "under color of state law" in performing a lawyer's traditional functions as counsel to an indigent defendant in a state criminal proceeding. In any event, this case is subject to the *Younger* abstention doctrine and is barred by *Heck*. The IFP application should be **DENIED** as moot. Dkt. 1.

## DISCUSSION

In December 2012, Mr. Watkins was criminally convicted at a jury trial and filed a notice of appeal. *State v. Watkins*, No. 12-1-04873-4 (King Cnty. Sup. Ct., opened July 16, 2012), *available at* http://dw.courts.wa.gov/ (last accessed Feb. 5, 2013). In January 2013, Mr. Watkins filed his current civil-rights complaint based upon the representation he received from his appointed defense counsel Mr. Minor and Ms. Ferguson's allegedly inadequate supervision of Mr. Minor. Dkt. 1-2 at 3.

The Court recommends dismissing this matter with prejudice and without leave to amend because the complaint contains a fatal deficiency: public defenders such as Mr. Minor and Ms. Ferguson are not considered state actors for § 1983 purposes when serving as they did here in their roles of representing Mr. Minor in judicial proceedings. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

This lawsuit should also be dismissed for two other reasons. First, the Court is required to invoke the *Younger* abstention doctrine and to refrain from hearing this present matter because (1) a state-initiated proceeding is ongoing, (2) the proceeding involves important state interests, (3) Mr. Watkins is not barred from litigating federal constitutional issues in the state proceeding, and (4) the federal action would enjoin the state proceeding. *San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *see Younger v. Harris*, 401 U.S. 37 (1971). Second, Mr. Watkins is *Heck*-barred from bringing a

REPORT AND RECOMMENDATION - 2

§ 1983 lawsuit such as this one that would undermine his criminal conviction until he can show that his December 2012 conviction has been overturned through the appeals process or a habeas petition.  *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

## CONCLUSION

The Court recommends **DISMISSING** this matter with prejudice and without leave to amend for failure to state a claim because the named defendants are not state actors under § 1983.  In any event, this case is subject to the *Younger* abstention doctrine and is barred by *Heck*.  The IFP application should be **DENIED** as moot.  Dkt. 1.

Any objections to this Recommendation must be filed no later than **February 27, 2013**.  The Clerk should note the matter for **March 1, 2013**, as ready for the Court's consideration.  Objections shall not exceed five (5) pages.  The failure to timely object may affect the right to appeal.

DATED this 6th day of February, 2013.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3